## CHARLES JUDSON v. C. C. LATHROP.

The late bankrupt law of the United States allowed partnership effects to be surrendered by one of the partners who had become bankrupt.

Where a person, at the sale of a bankrupt's effects, became the purchaser of a debt due the bankrupt by a third person, the debt cannot be compensated by a debt due from the bankrupt to such third person, which was acquired after the bankruptcy.

The prescription of two years, for actions by or against assignees in bankruptcy, as provided by the late bankrupt law of the United States, does not apply to cases where one has become the purchaser, at the sale of the bankrupt's effects, of debts due by third persons.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Halsey* and *Hoffman*, for plaintiff. *T. A. Clarke*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims of the defendant, the amount of a certain book debt which he purchased at the sale of the assets of the bankrupt estate of *Mills Judson & Co.* The case was tried before a jury, who gave him only a portion of the debt; and he has taken this appeal. He claims a reversal of the judgment disallowing a portion of his debt; and the defendant has also joined in the appeal, praying for a judgment absolutely in his favor.

The defendant contends, that the plaintiff has not, by his purchase, acquired the bankrupt's rights against him, and that the rights of the firm of *Judson & Co.* did not pass to the assignee by the decree of bankruptcy, on the ground that the bankrupt proceedings were at the instance of one of the partners only, and that his individual interest in the partnership assets was alone affected by such proceedings. The answer to this objection is found in the fourteenth section of the late bankrupt act, which provides that partnership assets may be surrendered in bankruptcy at the instance of one or more of the partners. We find no objection to the validity of the title of the plaintiff to the debt, as it belonged to the bankrupts.

We understand the verdict of the jury to have allowed the sum of $1280 63, in compensation of the demand. This allowance is attempted to be supported, first, by a certain note held by the defendant for $1069 80; and, second, by a claim for damages, and for the value of services rendered.

In relation to the note, it is only necessary to observe, that we do not think that the evidence shows that the plaintiff was the owner of the note at the time of the decree in bankruptcy. In relation to the claim for damages and services, we have come to the conclusion, on examining the evidence, that the partnership of *Mills Judson & Co.* was not liable for the amount, whatever claim the defendant may have had against *M. Judson* personally. The judgment, therefore, will have to be amended accordingly.

We do not think, that the informal proof of the defendant's claim in the bankruptcy affects, in any manner, the rights of the plaintiff under his purchase. It

was not in conformity with the rules in the bankrupt court, nor was it sufficient in law to constitute proof of debt under the bankrupt act.

The prescription of two years, pleaded by the defendant, is no bar to this action. It relates to actions by and against assignees, and not to those for the recovery of debts disposed of as the bankrupt's assets. Bankrupt Act of 1841, § 8.

It is ordered, adjudged and decreed, that the judgment of the court below be reversed; and that the plaintiff recover from the defendant, the sum of $1810 50, with interest thereon at the rate of five per cent per annum, from the date of judicial demand until paid, and costs in both courts.